UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ALLEN PALMER,

    Plaintiff,

                                    Case No. 01-CV-72126-DT
                                    HON. GEORGE CARAM STEEH

vs.

MICHIGAN SUPREME COURT,
Chief Justice Maura Corrigan, RICHARD
BANSTRA, Chief Judge of the Court of
Appeals, JUDGE EDWARD SOSNICK,
in their official capacity, individually and
as representatives of a class of similarly
situated state court judges,

    Defendants.
_____/

ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

    Plaintiff, Michael Allen Palmer, is a prisoner in the custody of the Michigan Department of Corrections. Plaintiff filed several civil actions in the Michigan state court system seeking a waiver of filing fees due to indigence. The Michigan courts denied plaintiff's waiver applications and requested plaintiff pay a partial filing fee under MCL 600.2963. Plaintiff appealed each ruling in the state courts with no success.

    Plaintiff then brought the underlying federal action, alleging civil rights violations, pursuant to 42 USC §1983. Plaintiff alleges that in applying MCL 600.2963, defendants have a "practice" of denying plaintiff access to the courts based solely on his poverty, which denied him equal protection and due process contrary to the Fifth and Fourteenth Amendments, as well as his right to access and petition the courts a guaranteed by the First Amendment. Plaintiff also claimed that MCL 600.2963(8) violated the Equal

Protection and Due Process Clauses of the Fourteenth Amendment.

Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). The Court concluded that plaintiff lacked standing to challenge MCL 600.2963(8) and that the claims brought by plaintiff in the federal action were "inextricably intertwined" with the issues already decided by the state courts, barring the Court from jurisdiction under the Rooker-Feldman doctrine. Dismissal was entered on April 22, 2002.

Plaintiff filed an appeal which was dismissed on July 12, 2002 for failure to pay the required appellate filing fee. Plaintiff's motion for reconsideration was rejected. Plaintiff filed this motion for relief from judgment on October 19, 2005.

Plaintiff's motion for relief from judgment is based on a change in the law allegedly affecting application of the Rooker-Feldman doctrine. A motion for relief from judgment must be filed within a reasonable time. Fed. R. Civ. P. 60(b). A district court should grant relief from operation of a judgment under Rule 60(b)(6) when it determines in its sound discretion that substantial justice would be served. Such relief, however, should be applied "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of [Rule 60(b)]." Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir. 1989). In this case, equity favors adhering to the final judgment, notwithstanding an alleged change in decisional law, given the public policy in favor of finality of judgment and the length of time between the final judgment and the application for relief (three years). See, Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefit Fund, 249 F.3d 519 (6th Cir. 2001). See also, Cincinnati Ins. Co. v. Byers, 151 F.3d 574 (6th Cir. 1998) (relief granted when change in law occurred one month before district court's ruling on summary judgment and

2

supplemental memorandum discussing change in law did not reach district court until one day after filing of judgment).

The Court denies plaintiff's motion for relief from judgment for the reason that it is untimely.

It is so ordered.


                                       s/George Caram Steeh
                                       GEORGE CARAM STEEH
                                       UNITED STATES DISTRICT JUDGE

Dated:  December 30, 2005

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on December 30, 2005, by electronic and/or ordinary mail.

                                       s/Josephine Chaffee
                                       Secretary/Deputy Clerk